

**SIGNED this 07th day of December, 2009.**

_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 08-11023-CAG |
| | § | |
| MOHAMMAD H. GHARBI and, | § | CHAPTER 7 |
| FATEMEH GHARBI, | § | |
| Debtors. | § | |

| | | |
|---|---|---|
| C. DANIEL ROBERTS, TRUSTEE | § | |
| | § | |
| Plaintiff, | § | |
| | § | ADV. NO. 09-1026- CAG |
| v. | § | |
| | § | |
| MARYAM GHARBI | § | |
| | § | |
| Defendant. | § | |

**ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION FOR SUMMARY
JUDGMENT**

This adversary proceeding arises from a case referred to this Court by the Standing Order of Reference entered in this District. This case is determined to be a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) (matters concerning administration of

1

the estate), (O) (other proceedings affecting the liquidation of assets of the estate) and §1334. The Court is authorized to enter final judgment in this proceeding.

On June 2, 2008, Mohammad H. Gharbi and Fatemeh Gharbi (Debtors) filed a case under Chapter 11 in this Court (Case No. 08-11023). The case was converted to a case under Chapter 7 on January 12, 2009. The Debtors own real property jointly with the Defendant, Maryam Gharbi, and on March 6, 2009, the Chapter 7 Trustee filed a motion to sell the property free and clear of liens (docket #115). On April 14, 2009, the Trustee filed this adversary proceeding. On April 20, 2009, the Debtors filed an objection to the sale on behalf of Maryam Gharbi in the main bankruptcy case. On June 16, 2009, Maryam Gharbi filed her response to the Trustee's complaint. In response, the Trustee filed his Motion for Summary Judgment (Motion) on September 23, 2009. Maryam Gharbi did not respond to the Motion.

The Trustee contends that 11 U.S.C. §363(h) and Federal Rule of Bankruptcy Procedure 7001(3) give him the authority to sell the property owned by the Debtors, including the interest of Maryam Gharbi, free and clear of liens and all other interests. He argues that (1) partitioning the property is impracticable; (2) the benefit to the Estate of the sale of the Property, free of the interests of the co-owner, outweighs the detriment, if any, to the co-owner, the property; and (3) the Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power.

The Court construes Ms. Gharbi's response to the Plaintiff's Complaint as arguing that the Trustee does not have authority to sell the property. Ms. Gharbi contends that the benefit to the bankruptcy estate is outweighed by the detriment to her interest, and the

2

sale of the property is not in the best interest of the Debtors' estate and creditors.

The undisputed facts in this case are:

1. The Debtors filed a case under Chapter 11 and the case was converted to a case under Chapter 7 on January 12, 2009.

2. The Debtors' bankruptcy estate owns an undivided one-half interest in the following described real property (the "Property"):

   Lot 47, Block F, of Balcones Village, Section 10, a subdivision in Travis County, Texas, according to the map or plat of record in Vol. 56, Page 76, of the Plat Records of Travis County, Texas.

3. Maryam Gharbi owns the other undivided one-half interest in the Property.

4. Partition in kind of the property among the Estate and the co-owner is impracticable because the property is on a steep incline and a partition of the property would result in lots that could not be built upon because of the existing topography. Additionally, a partition of the property would create an illegal subdivision of the lot.

5. Sale of the Estate's undivided interest in the Property would realize significantly less for the Estate than the sale of the Property free of the interests of the co-owners.

6. The Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power.

Bankruptcy Rule 7056 applies Rule 56(c) of the Federal Rules of Civil Procedure to adversary proceedings. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

3

moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). To the extent facts are undisputed, a Court may resolve a case as a matter of law. *Celotex Corp.*, 477 U.S. at 323; *Blackwell v. Barton*, 34 F.3d 298, 301 (5th Cir. 1994).

The Fifth Circuit has stated "[t]he standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon evidence before the court." *James v. Sadler*, 909 F.2d 834, 837 (5th Cir. 1990) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Once the moving party demonstrates that there are no disputed facts, "the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial." *Wilson Industries, Inc. v. Aviva America, Inc.*, 185 F.3d 492, 494 (5th Cir. 1999). The non-moving party "cannot satisfy his summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Id.*; see also *Resolution Trust Corp. v. Leslie (In the Matter of Liberty Trust Company)*, 903 F.2d 1053, 1056 (5th Cir. 1990) (affirming bankruptcy court's order granting debtor's motion for summary judgment in an adversary proceeding where defendant never filed a response).

According to 11 U.S.C. §363(h), "the trustee may sell both the estate's interest . . . and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if –

> (1) partition in kind of such property among the estate and co-owners is impracticable;

4

    (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

    (3) the benefit to the estate of a sale of such property free of the interest of co-owners outweighs the detriment, if any, to such co-owners; and

    (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power."

In this adversary proceeding, the Trustee's Motion for Summary Judgment should be granted because there are no disputed material facts and Ms. Gharbi failed to produce any evidence to contradict the Trustee's assertion that he has authority to sell the Property. In support of the Motion for Summary Judgment, the Trustee filed the affidavit of Roy W. "Chip" Kidd, a licensed real estate agent. In his affidavit, Mr. Kidd stated first, that "the property can not be partitioned because to do so would create an illegal subdivision of a legal lot. Further, the Property is very steep and difficult to build on and any partition of the Property would result in lots that could not be built upon because of the existing topography." Second, he stated that in his opinion, "the sale of the estate's undivided one-half interest in the Property would realize significantly less for the Estate than sale of such property free of the interest of Maryam Gharbi because no one would pay full value for a one-half interest in a legal lot that could not be partitioned or subdivided into two buildable lots or for property that could not be developed without the consent of Maryam Gharbi." Third, he stated that in his opinion, "the benefit to the estate of the sale of such property free of the interest of Maryam Gharbi outweighs the detriment, if any, to Maryam Gharbi." Thus, Mr. Kidd's affidavit supports the Trustee's

contention that he has authority to sell the Debtors' property, including the interest of Maryam Gharbi.

Ms. Gharbi did not respond to the motion for summary judgment and her response to the Trustee's complaint only contained a general denial of three of the Trustee's assertions. Ms. Gharbi provided no evidence to support her denial and did not demonstrate that a genuine issue for trial exists. Thus, the Court finds that the Chapter 7 Trustee's Motion for Summary Judgment should be GRANTED.

IT IS, THEREFORE, ORDERED that the Chapter 7 Trustee's Motion for Summary Judgment filed on September 23, 2009 shall be, and hereby is, GRANTED.

# # #